**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 30**

Docket No. PH-0752-13-0068-I-2

**Zoe V. Parker,**

**Appellant,**

v.

**Department of Veterans Affairs,**

**Agency.**

April 6, 2015

Zoe V. Parker, Coatesville, Pennsylvania, pro se.

Stacey Conroy, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1  This case is before the Board on the appellant's petition for review of the initial decision, which affirmed her removal. For the reasons set forth below, we AFFIRM the initial decision, but MODIFY the administrative judge's analysis regarding the agency's second charge. The initial decision, as modified by this Opinion and Order, is the Board's final decision in this matter. 5 C.F.R. § 1201.113(b).

BACKGROUND

¶2  The appellant was a GS-07 Social Work Associate with the Department of Veterans Affairs (VA) Medical Center. MSPB Docket No. PH-0752-13-0068-I-1

(I-1), Initial Appeal File (IAF), Tab 8, Subtab 4oo. On April 23, 2012, the agency proposed her removal based on the following four charges: (1) violation of Medical Center policy, LD-19-09, patient abuse and employee/patient boundaries; (2) filing false reports/statements; (3) violation of VA Directive 6001; and (4) lack of candor. *Id*., Subtab 4ee. After providing the appellant with an opportunity to respond, the deciding official issued a decision sustaining the proposed removal. *Id*., Subtab 4nn. The appellant was removed from federal service effective November 2, 2012. *Id*., Subtab 4oo.

¶3 The appellant filed an appeal contesting her removal. I-1, IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision affirming the agency's action.[1] MSPB Docket No. PH-0752-13-0068-I-2 (I-2), IAF, Tab 19, Initial Decision (ID) at 1, 15. The administrative judge found that the agency proved its first three charges but that it failed to prove its fourth charge of lack of candor. ID at 2-8. The administrative judge further found that the appellant did not prove her affirmative defenses of race discrimination, retaliation for her prior equal employment opportunity (EEO) complaints, or general harassment. ID at 8-13. Because not all of the charges were sustained, the administrative judge conducted a new penalty analysis. ID at 13-15. She ultimately found that the penalty of removal was within the bounds of reasonableness and that the agency's action promoted the efficiency of the service.[2] ID at 15.

¶4 The appellant has filed a petition for review, a supplement to her petition for review, and attachments to the petition for review. I-2, Petition for Review

---

[1] The appeal was initially dismissed without prejudice to refiling. I-1, IAF, Tab 39, Initial Decision.

[2] On review, the appellant does not challenge the administrative judge's findings that she failed to establish her affirmative defenses and that the agency proved that the penalty of removal was reasonable and promoted the efficiency of the service. We discern no basis for disturbing these well-reasoned findings on review.

(PFR) File, Tabs 1-3.[3] On review, she contends that the administrative judge: (1) erred in sustaining three of the agency's remaining charges; (2) improperly denied two of her witness requests and denied her the right to cross-examine witnesses; (3) failed to consider that she was on leave when the agency proposed her removal; and (4) did not provide her with sufficient time to prepare for a mixed-case appeal. PFR File, Tab 1 at 3, Tab 2 at 3. The agency has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly sustained three of the agency's charges.

*Charge 1: Violation of Medical Center policy, LD-19-09, patient abuse and employee/patient boundaries*

¶5    The agency listed two specifications under its first charge of violation of Medical Center policy, LD-19-09, patient abuse and employee/patient boundaries. I-1, IAF, Tab 8, Subtab 4ee at 1. In support of the first specification, the agency stated that, during the appellant's tour of duty on June 23, 2011, she approached a patient and told him that another employee, the Recreational Therapist, was upset with him. *Id*. The agency specified that the appellant took the patient to see the Recreational Therapist, who informed him that she was not upset with him. *Id*. The agency stated that, by involving the patient in an on-going staff disagreement, the appellant violated the patient's rights, thereby violating its patient abuse and employee/patient boundaries policy. *Id*.

---

[3] We have considered the evidence the appellant has submitted on review, PFR File, Tab 3, and find that it does not provide a basis to disturb the initial decision. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The documents the appellant submits on review do not provide a basis for review because they do not show that the administrative judge erred in affirming the removal action or in denying the appellant's affirmative defenses. PFR File, Tab 3.

¶6    In support of the second specification, the agency stated that, on June 30, 2011, the appellant sent an email to the Associate Director for Patient Care Services, the Director for Patient Care Services, and the Social Work Supervisor, in which the appellant stated that she informed a patient that she had not been fired in 2006 for sexual harassment, but that she had instead been fired for not holding a patient's jacket. *Id*. The agency stated that the appellant's excessive disclosure of personal information was a violation of the patient abuse and employee/patient boundaries policy. *Id*.

¶7    The administrative judge sustained the first, but not the second, specification under this charge.[4] ID at 2-5. The appellant contends that the administrative judge failed to consider the patient's "mentality" in sustaining the first specification under this charge. PFR File, Tab 1 at 3. We find that the appellant's assertion fails to provide a basis for disturbing the administrative judge's decision to sustain the first specification of this charge. In finding that the appellant engaged in the charged misconduct, the administrative judge relied on credibility findings. The Board will defer to the credibility determinations of an administrative judge when they are based, explicitly or implicitly, upon the observation of the demeanor of witnesses testifying at a hearing because the administrative judge is in the best position to observe the demeanor of the witnesses and determine which witnesses were testifying credibly. *Haebe v. Department of Justice*, 288 F.3d 1288, 1300-01 (Fed. Cir. 2002); *see Smith v. Department of Veterans Affairs*, 93 M.S.P.R. 424, ¶ 4 (2003).

---

[4] The appellant alleged that the agency failed to prove the second specification underlying the charge, stating that she was only providing a patient with correct information regarding her prior removal. PFR File, Tab 2 at 3. Because the administrative judge did not sustain the second specification in support of the charge, we need not address this contention.

¶8        Here, the administrative judge found the testimony of the Recreation Therapist to be credible because she was calm, straightforward, and consistent in her testimony with her earlier statements.  ID at 3-4.  The administrative judge also found the patient's testimony to be credible because, among other things, he had little motivation to lie.  ID at 4.  The administrative judge noted that, on the other hand, the appellant had failed to testify at the hearing and that her statements in the documentary record have been erratic and vague.  ID at 4.  Because the administrative judge's credibility findings are based on proper considerations, supported by the record, and implicitly based on her observations, we will defer to them on review.  *See Haebe*, 288 F.3d at 1300-01; *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding that the Board will give due deference to the administrative judge's credibility findings and will not grant a petition for review based on a party's mere disagreement with those findings).

¶9        The administrative judge properly found that, by involving the patient in an ongoing staff disagreement, the appellant violated the patient's rights and thereby violated the patient abuse and employee/patient boundaries policy.  ID at 2; I-1, IAF, Tab 8, Subtab 4b.  As correctly noted by the administrative judge, boundary violations include actions which compromise the professional and therapeutic patient/staff relationship, which occurred here.  ID at 3; I-1, IAF, Tab 8, Subtab 4b at 1.  Accordingly, we affirm the administrative judge's decision to sustain the agency's first charge.  *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

### *Charge 2: Filing false reports/statements*

¶10        A charge of filing false reports/statements is a falsification charge.  *See Spruill v. U.S. Postal Service*, 84 M.S.P.R. 36, ¶ 28 (1999).  To establish a charge of falsification, the agency must prove by preponderant evidence that the appellant:  (1) supplied wrong information; and (2) knowingly did so with the

intention of (a) defrauding, deceiving, or misleading the agency, and (b) defrauding the agency for her own personal gain. *Haebe*, 288 F.3d at 1305; *see Leatherbury v. Department of the Army*, 524 F.3d 1293, 1300 (Fed. Cir. 2008) (explaining that "the intent element [of falsification] . . . requires two distinct showings: (a) that the employee intended to deceive or mislead the agency; and (b) that she intended to defraud the agency for her own private material gain"); *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶¶ 10-12 (2014) (modifying Board case law to incorporate the elements of falsification established in *Leatherbury*). The intent to defraud or mislead the agency may be established by circumstantial evidence or inferred when the misrepresentation is made with a reckless disregard for the truth or with conscious purpose to avoid learning the truth. *Boo*, 122 M.S.P.R. 100, ¶ 10. A finding that an appellant provided incorrect information, alone, however, cannot control the question of intent for purposes of adjudicating a falsification charge. *Id*. Rather, whether intent has been proven must be resolved by considering the totality of the circumstances, including the appellant's plausible explanation, if any. *Id*.

¶11 The agency listed three specifications under its charge of filing false reports/statements. I-1, IAF, Tab 8, Subtab 4ee at 1-2. The administrative judge sustained the second and third specifications underlying the charge, but not the first. ID at 5-7. Accordingly, we will not consider the appellant's contentions regarding the first specification under this charge.

¶12 In support of the second specification, the agency stated that, on June 23, 2011, the VA Medical Center police completed a report in which the appellant stated that the Recreation Therapist committed patient abuse when she slammed her door closed on a patient. I-1, IAF, Tab 8, Subtab 4ee at 2. The agency stated that, in her sworn testimony before the Administrative Inquiry Board (AIB) on September 12, 2011, the appellant stated that she did not believe that this constituted patient abuse. The agency further stated that the appellant falsely

claimed before the AIB that her supervisor told her that it was abuse and that she needed to report it. *Id*.

¶13        In the third specification, the agency stated that, on October 7, 2011, in a Step 1 grievance meeting, the appellant stated to the Social Work Supervisor, a Human Resources Specialist, and her union representative that she knew that the Social Work Supervisor was not a racist and that she was in fact a good person but that she needed to file an EEO complaint (raising a claim of racial discrimination) against her so that she could save her job. *Id*.

¶14        The appellant contends on review that she did not indicate in the VA police report that the Recreation Therapist slammed the door on a patient. PFR File, Tab 1 at 3. She further states that she never stated that the Social Work Supervisor was "nice." *Id*.

¶15        In applying the elements of falsification established in *Leatherbury* to the facts of this case, which the administrative judge failed to do, we find that the agency's second specification underlying the charge cannot be sustained. The administrative judge only sustained the part of the specification alleging that the appellant falsely stated that her supervisor definitely said the Social Work Supervisor was abusive. ID at 7. Even if the appellant did falsely represent her supervisor as having stated that the Social Work Supervisor was abusive, the record does not establish that the appellant intended to defraud, deceive, or mislead the agency for her own personal material gain when she made this statement. *See Boo*, 122 M.S.P.R. 100, ¶ 15 (finding that the agency's charge of falsification could not be sustained where the record was devoid of any evidence that the appellant intended to defraud, deceive, or mislead the agency for her own private material gain).

¶16        In any event, the agency's third specification underlying this charge is sustained. We discern no basis for disturbing the administrative judge's finding that the appellant clearly stated that the Social Work Supervisor was not a racist and that she was a good person. ID at 7. The administrative judge noted in the

initial decision that the appellant did not deny making this statement. ID at 7. Further, the Social Work Supervisor testified at the hearing that, during a meeting with the appellant, the appellant stated that the Social Work Supervisor was not a racist, that she was a good person, and that she had filed the EEO complaint to get her job back. Hearing Transcript at 127. Thus, we agree with the administrative judge's finding that the filing of an EEO complaint against the Social Work Supervisor on the basis of discrimination constituted the filing of a false report. ID at 7. Specifically, the appellant knowingly supplied wrong information with the intention of misleading the agency and defrauding the agency for her own private material gain. *See Boo*, 122 M.S.P.R. 100, ¶ 13 (the definition of "own private material gain" is quite broad and can include securing employment).

¶17     Discrimination laws exist to ensure that the workplace is fair and free from harassment. The EEO process is undermined and distorted when individuals falsify discrimination claims, and such acts of falsification can be grounds for discipline, up to and including dismissal. *See Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 890-91 (7th Cir. 2004) (holding that "Title VII was designed to protect the rights of employees who in good faith protest the discrimination they believe they have suffered" and not to "arm employees with a tactical coercive weapon under which employees can make baseless claims simply to advance their own retaliatory motives and strategies."); *see also Cox v. Onondaga County Sheriff's Department*, 760 F.3d 139 (2d Cir. 2014) (finding that an employer established that it had a valid business reason for investigating employees' false EEO complaints and threatening to discipline them for filing their false discrimination reports); *Richey v. City of Independence*, 540 F.3d 779, 784-86 (8th Cir. 2008) (determining that, where evidence showed that an employee violated the company's nondiscriminatory policy, even if the violations happened in the context of a workplace harassment investigation, the resulting adverse employment actions were not retaliatory). Based on our review, we agree with

the administrative judge's decision to sustain the agency's second charge of filing a false report or statements, as modified by the above analysis.[5]

*Charge 3: Violation of VA Directive 6001*

¶18     In support of its one specification under its charge of violation of VA Directive 6001, the agency specified that the AIB determined that the appellant willfully violated VA Directive 6001 on numerous occasions when she misused government equipment and sent emails to other staff members and to the AIB, in which she accused the Recreational Therapist of alleged abuse and of connecting her with those individuals who create and spread false rumors.  I-1, IAF, Tab 8, Subtab 4ee at 2.  The agency stated that the appellant included this information in the subject line of emails, which were encrypted and sent to staff that did not have a need to know.  *Id.*

¶19     On review, the appellant challenges the administrative judge's finding that the agency proved this charge, stating that she did not send emails accusing the Recreational Therapist of spreading false rumors.  PFR File, Tab 2 at 3.  We find the appellant's assertion to be unpersuasive.  The record supports the administrative judge's finding that the agency proved the specified misconduct and that this misconduct violated VA Directive 6001, which prohibits misuse of government equipment.  ID at 7-8; I-1, IAF, Tab 8, Subtabs 4q, 4m, 4*l*, 4a at 3.  The administrative judge, therefore, properly sustained the agency's third charge.

The appellant has failed to show that the administrative judge denied her witness requests or that the administrative judge abused her discretion in limiting testimony.

¶20     The appellant alleges on review that the administrative judge improperly denied two of her witness requests.  PFR File, Tab 1 at 3.  However, in an order

---

[5] The appellant contends on review that her EEO claim is still ongoing.  PFR File, Tab 1 at 3.  Even if the appellant's EEO complaint is pending, that fact is immaterial to the issue of whether the agency has met its burden of proof as to the charge.

and summary of telephonic prehearing conference, the administrative judge confirmed that the appellant did not request any witnesses. I-2, IAF, Tab 15 at 1. The appellant did not object to the administrative judge's summary of telephonic prehearing conference despite having been advised that she could. Her failure to do so precludes her from raising any such objection on review. *Id*. at 3; *see McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 25 (2011) (the appellant's failure to timely object to rulings during the hearing precludes her from doing so on petition for review), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (the appellant's failure to timely object to the administrative judge's rulings on witnesses precludes her from doing so on petition for review).

¶21        Regarding the appellant's contention that the administrative judge denied her the opportunity to cross-examine witnesses, an administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious. *Guerrero v. Department of Veterans Affairs*, 105 M.S.P.R. 617, ¶ 20 (2007); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000). The Board has said that, in order to "obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed." *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005). The appellant has failed to show that the administrative judge disallowed any relevant testimony. Accordingly, the appellant has not shown that the administrative judge abused her discretion to limit cross-examination.

The appellant's remaining contentions lack merit.

¶22        As previously noted, the appellant asserts on review that the administrative judge failed to consider that she was on leave when the agency proposed her removal and that the administrative judge did not provide her with sufficient time

to prepare for a mixed-case appeal. PFR File, Tab 1 at 3, Tab 2 at 3. The appellant's assertion that she was on leave when the removal was issued is not relevant to the dispositive issues in this appeal. As to the appellant's assertion that the administrative judge did not provide her with sufficient time to prepare for a mixed-case complaint, we find that the appellant did not preserve any such objection below and therefore cannot raise it for the first time on review. *See McCarthy*, 116 M.S.P.R. 594, ¶ 25.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.